UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

In re: Geraldine Kirk-Hughes, Attorney at Law, Bar No. 3444

Case No. 2:18-cv-00323-MMD

ORDER OF SUSPENSION

**I.  SUMMARY**

This is an attorney discipline matter. Before the Court is Geraldine Kirk-Hughes's response to the Court's Order to Show Cause ("OSC") why she should not be suspended from practice before this Court following the Order of Suspension and Remand—filed by the Nevada Supreme Court ("NSC") on December 11, 2017—suspending her from practice in the Nevada state courts for four years. (ECF Nos. 1 (OSC), 3 (the "Response").) As further explained below, the Court will suspend Ms. Kirk-Hughes because she is currently suspended from practice by the NSC, and the Court is unpersuaded her due process rights were violated in the course of those suspension proceedings. However, Ms. Kirk-Hughes may of course file a petition for reinstatement once she is fully readmitted to practice before the NSC and can produce a certificate of good standing from the NSC reflecting the same.

**II.  BACKGROUND**

Ms. Kirk-Hughes was suspended by the NSC for four years following findings by the Southern Nevada Disciplinary Board that she committed numerous disciplinary infractions—which were not her first. (ECF No. 1 at 14; *see also id.* at 7-15.) As that order was filed on December 11, 2017, she is currently suspended from practicing in the Nevada state courts. (*Id.* at 7, 14.)

///

This Court issued the OSC as to why Ms. Kirk-Hughes should not be suspended from practice in this Court on January 22, 2018. (*Id.*) Ms. Kirk-Hughes timely filed her Response on February 21, 2018. (ECF No. 3.) In her lengthy Response, she basically seems to argue that she was deprived of due process, and her Fourth Amendment (and other constitutional) rights were violated, because of the way that the Nevada State Bar began its investigation leading to her suspension—by subpoenaing records from the banks where she maintained her client trust accounts. (*Id.*; *see also* ECF No. 1 at 9 (summarizing what appears to be an identical argument that she also raised with the NSC).) Amongst her voluminous collection of exhibits to her Response, Ms. Kirk Hughes includes a brief she apparently submitted to the NSC, in which she raises substantially the same arguments she raises in her Response. (ECF No. 3-6 at 3-10.) Notably, in neither her Response nor any of its exhibits does she contend that she did not commit the disciplinary infractions she was found to have committed by the NSC, show any remorse, or present any evidence of her efforts at rehabilitation.

## III. DISCUSSION

This Court imposes reciprocal discipline on a member of its bar when that person is suspended or otherwise disciplined by a state court unless it determines that the state's disciplinary adjudication was improper. *See In re Kramer*, 282 F.3d 721, 724 (9th Cir. 2002). Specifically, the Court will only decline to impose reciprocal discipline if the attorney subject to discipline presents clear and convincing evidence that:

> (A) the procedure in the other jurisdiction was so lacking in notice or opportunity to be heard as to constitute a deprivation of due process; (B) there was such an infirmity of proof establishing the misconduct as to give rise to a clear conviction that the court should not accept as final the other jurisdiction's conclusion(s) on that subject; (C) imposition of like discipline would result in a grave injustice; or (D) other substantial reasons justify not accepting the other jurisdiction's conclusion(s).

LR IA 11-7(e)(3); *see also In re Kramer*, 282 F.3d at 724-25 (stating that the attorney bears the burden by clear and convincing evidence).

The Court will suspend Ms. Kirk-Hughes because the Court is unpersuaded her due process rights were violated during the proceedings leading to her suspension by the

NSC. To start, she does not even dispute that: (1) she is currently suspended from practice by the NSC; and (2) she committed the infractions leading to her suspension—which are significant, especially considering they appear to reflect a pattern of conduct. (ECF No. 3; *see also* ECF No. 1 at 13 ("Kirk-Hughes also has a lengthy disciplinary history").) She also takes no responsibility for her actions, nor does she express any remorse. (ECF No. 3; *see also* ECF No. 1 at 13 ("she refuses to acknowledge any misconduct in regard to her actions.").)

Instead, the substance of Ms. Kirk-Hughes' Response appears to target LR IA 7-11(e)(3)(A), arguing that her procedural due process rights were violated by the state disciplinary proceedings. (ECF No. 3 at 6-7.) The Court is unpersuaded. The record reflects that Ms. Kirk-Hughes raised substantially the same challenges she makes here to the subpoenas that eventually led to her suspension in both briefing and during an adversarial hearing held over five days before the Southern Nevada Disciplinary Board (ECF No. 3 at 2-4; *see also* ECF Nos. 1 at 7, 3-7), and then again in briefing to the NSC (ECF No. 3-6 at 6-10), who rejected her arguments on the merits (ECF No. 1 at 9-12). Thus, she received the process she was due under the circumstances. The Court will therefore suspend Ms. Kirk-Hughes from practice before this Court as a matter of reciprocal discipline.

That said, Ms. Kirk-Hughes is free to petition the Court for reinstatement under LR IA 11-7(i) assuming she is able to eventually win full reinstatement from the NSC allowing her to practice law in Nevada state court. Any petition for reinstatement should not be filed until Ms. Kirk-Hughes is able to present both a certificate of good standing from the NSC and evidence sufficient to establish that her practice in the Nevada state courts is fully unencumbered by any probationary or other conditions stemming from her suspension or any other discipline imposed on her by the NSC.

///

///

///

**IV.    CONCLUSION**

It is therefore ordered that Geraldine Kirk-Hughes, Bar No. 3444, is hereby suspended from practice in the United States District Court for the District of Nevada.

DATED THIS 20th day of September 2019.

_____
MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE